```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
KEVIN RAZZOLI,                           :    14cv9555 (DLC)
                                         :    12cr550 (DLC)
                    Petitioner,          :
                                         :    MEMORANDUM OPINION
            -v-                          :        AND ORDER
                                         :
UNITED STATES OF AMERICA,                :
                                         :
                    Respondent.          :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On August 10, 2018, petitioner Kevin Razzoli filed a motion to set aside judgment pursuant to Rule 60(b)(6), Fed. R. Civ. P. This is a successive habeas petition. As a result, it will be transferred to the Court of Appeals if petitioner does not withdraw the motion within 30 days.

On January 10, 2013, Razzoli was principally sentenced to 30 months' imprisonment following his September 25, 2012 conviction for assaulting Deputy United States Marshals in violation of 18 U.S.C. §§ 111(a) and 1114. The facts underlying this conviction are set forth in a decision of November 8, 2012, which denied his motion for a new trial. United States v. Razzoli, 2012 U.S. Dist. LEXIS 161672 (S.D.N.Y. Nov. 8, 2012).

Razzoli appealed his conviction to the United States Court of Appeals for the Second Circuit. In a summary order of

December 23, 2013, the Second Circuit affirmed the conviction. United States v. Razzoli, 548 F. App'x 733, 736 (2d Cir. 2013). Razzoli filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on October 20, 2014.

On November 12, 2014, Razzoli filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, seeking to vacate his conviction on four separate grounds. That petition was denied in an Opinion and Order of January 21, 2016.

In his August 10, 2018 motion, Razzoli appears to raise two claims. He first asserts that he is entitled to relief because the Assistant United States Attorney prosecuting his case introduced documents that incorrectly stated that he served in the U.S. Army, when he in fact served in the U.S. Navy. This claim has already been rejected at multiple stages. Second, Razzoli asserts that the Assistant United States Attorney withheld discovery materials, including unspecified emails from one "Nick Rodelli" to the U.S. Department of Justice.

This motion constitutes an attack on Razzoli's conviction and is properly characterized as a petition for a writ of habeas corpus. See Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004) ("a Rule 60(b) motion that *attacks the underlying conviction* presents a district court with" the option to "treat the Rule 60(b) motion as a second or successive habeas petition" (citation omitted)).

2

28 U.S.C. § 2244 provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Therefore, a second or successive habeas petition filed initially in the district court must be transferred to the Court of Appeals. Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996) (per curiam). The Second Circuit has stated that district courts should

> be careful not to recharacterize a portion of the 60(b) motion as a second or successive collateral attack and transfer it to [the Court of Appeals] until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing . . . the portion of his 60(b) motion that the district court believes presents new challenges to the underlying conviction.

Harris, 367 F.3d at 82 (citation omitted). Accordingly, it is hereby

ORDERED that petitioner is given notice of the Court's intent to treat the motion as a successive habeas petition and given 30 days to withdraw the motion, if he elects to do so. If petitioner does not withdraw the motion within 30 days, it will be transferred to the Court of Appeals for the Second

3

Circuit for treatment as a successive petition.

Dated: New York, New York
September 28, 2018

_____
DENISE COTE
United States District Judge

COPY MAILED TO:

Kevin Razzoli
25 Central Ave
Staten Island, NY 10301